# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

LAURA WARREN,

   Plaintiff,

v.

SENIOR LIFE INSURANCE COMPANY,

   Defendant.

Case No.   3:18-cv-02565

## COMPLAINT

NOW COMES, the Plaintiff, LAURA WARREN, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, SENIOR LIFE INSURANCE COMPANY, as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Telephone Consumer Protection Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in this judicial district.

## PARTIES

4. LAURA WARREN ("Warren") is a natural person, who at all times relevant was, a resident of Richardson, Texas and a citizen of the State of Texas.

5. Warren is a "person" as defined by 47 U.S.C. § 153(39).

6. SENIOR LIFE INSURANCE COMPANY ("Senior Life") operates as an insurance company. Senior Life provides life, health, accidental, and disability insurance services. Senior Life serves customers in the United States and has a principal place of business in Thomasville, Georgia.

7. Senior Life is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. At all times relevant, Warren was the sole operator, possessor, and subscriber of the number ending in 4157.

9. At all times relevant, Warren's number ending in 4157 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10. At all times relevant, Warren was financially responsible for her cellular telephone equipment and services.

11. In Summer 2017, Warren became interested in obtaining life insurance.

12. Warren completed an online form, providing number ending in 4157.

13. Almost immediately, Warren became subject to Senior Life's relentless solicitation campaign.

14. Each time Warren answered, she was received by a pause, click and dead air before being connected to a sales agent.

15. Weeks later, Warren told Senior Life to stop calling.

16. Notwithstanding, Senior Life continued to call Warren in an attempt to sell life insurance.

17. In fact, Senior Life called Warren up to three times daily.

18. On multiple and numerous occasions, Warren told Senior Life to stop calling – effectively revoking any consent that Senior Life was previously provided.

19. In May, 2018, Warren talked to an agent, Michael Williams ("Williams").

20. Warren specifically told Williams to stop calling.

21. Williams informed Warren that they will stop calling; however, it will take up to six weeks to remove Warren from Senior Life's system.

22. Senior Life continues to call Warren.

23. All told, Senior Life placed no less than 500 unconsented-to solicitation calls to Warren despite her multiple and numerous requests that they stop calling.

24. Upon information and belief, Senior Life's solicitation efforts included the use of an artificial or prerecorded voice.

**DAMAGES**

25. Senior Life's collection calls have severely disrupted Warren's everyday life and overall well-being.

26. Senior Life's collection calls have resulted in intrusion and occupation of Warren's cellular services, thus impeding receipt of other calls.

27. Senior Life's collection calls have resulted in unnecessary depletion of Warren's cellular battery requiring him to incur electricity charges to recharge her cellular telephone.

28. Senior Life's telephone harassment campaign and illegal collection activities have caused Warren actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Warren's cellular telephone capacity, wasting Warren's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited

telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq*.)**

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Senior Life placed or caused to be placed no less than 500 non-emergency calls, including but not limited to the aforementioned solicitation calls, to Warren's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Warren's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

31. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

32. Upon information and belief, based on the lack of prompt human response, Senior Life employed an ATDS to place calls to Warren's cellular telephone.

33. Upon information and belief, the ATDS employed by Senior Life transfers the call to a live representative once a human voice is detected, hence the clear pause.

34. Upon information and belief, Senior Life acted through its agents, employees, and/or representatives at all times relevant.

35. As a result of Senior Life violations of 47 U.S.C. §227 (b)(1)(A)(iii). Warren is entitled to receive $500.00 in damages for each violation.

36. As a result of Senior Life's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Warren is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Warren requests the following relief:

a. find that Senior Life violated 47 U.S.C. § 227 *et seq.*;

b. enjoin Senior Life from placing any further calls to Warren's cellular telephone number ending in 4157 in the future;

c. award statutory damages of at least $500.00, and treble damages of up to $1,500.00, for each and every violation; and

d. grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

September 26, 2018                                           Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Laura Warren*